FILED

2020 Nov-25  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# A

ELECTRONICALLY FILED
10/21/2020 4:09 PM
01-CV-2020-903605.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>10/21/2020 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### HESTER LOUISE HARGROVE v. STARBUCKS CORPORATION ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

TRA002          10/21/2020 4:09:35 PM          /s/ WILLIAM PAUL TRAYLOR III
                Date                            Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
10/21/2020 4:09 PM
01-CV-2020-903605.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **HESTER LOUISE HARGROVE,** an individual,<br><br>        Plaintiff,<br><br>**v.**<br><br>**STARBUCKS CORPORATION,** a foreign corporation; **PENSKE LOGISTICS, LLC,** a foreign corporation; **ANDREA ZAMORA,** an individual; Fictitious Defendants A, B, and C, thereby intending to refer to the legal entity, person, firm, or corporation who negligently and/or wantonly caused or contributed to cause and/or allowed the incident made the basis of this lawsuit to occur causing the Plaintiff's injuries set forth herein; Fictitious Defendants D, E, and F, thereby intending to refer to the legal entity, person, firm, or corporation who owned, operated, serviced, managed, or maintained the premises where the injury occurred and who negligently and/or wantonly caused or contributed to cause and/or allowed the incident made the basis of this lawsuit to occur causing the Plaintiff's injuries set forth herein; Fictitious Defendants G, H, and I, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Case No.: _____** |

**thereby intending to refer to** )
**the legal entity, person, firm,** )
**or corporation who or that** )
**delivered and stacked the** )
**boxes in a dangerous manner,** )
**or who delivered the boxes to** )
**the Starbucks Corporation** )
**premises where the injury** )
**occurred and who or that** )
**negligently and/or wantonly** )
**caused or contributed to cause** )
**and/or allowed the incident** )
**made the basis of this lawsuit** )
**to occur causing the Plaintiff's** )
**injuries set forth herein.** )
**Plaintiff avers that the** )
**identities of the Fictitious** )
**Parties described above, are** )
**otherwise unknown to the** )
**Plaintiff at this time, but that** )
**their true names and** )
**identities will be added by** )
**amendment when ascertained.**

**Defendants.**

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, **HESTER LOUISE HARGROVE**, by

and through her attorney, and files her Complaint against Defendants and

further states as follows:

## **PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff **HESTER LOUISE HARGROVE** ("Hargrove") is an individual over the age of nineteen (19) years, and is a resident of Jefferson County, Alabama.

2.     Defendant, **STARBUCKS CORPORATION** ("Starbucks"), is a foreign corporation, and is licensed to do business in the State of Alabama and was doing business in Alabama, including Jefferson County, Alabama, at all times pertinent herein.

3.     Defendant, **PENSKE LOGISTICS, LLC (**"Penske"), is a foreign corporation, and is licensed to do business in Alabama and was doing business in Alabama, including Jefferson County, at all times pertinent herin.

4.     Defendant, **ANDREA ZAMORA** ("Zamora"), is an individual over the age of nineteen (19) years, and is a resident of Shelby County, Alabama.

5.     The fictitious defendants A-I are unknown at this time but will be added by amendment when ascertained.

6.     Jurisdiction and venue are appropriate as Starbucks did business in Jefferson County, Alabama, the incident made the basis of the

complaint occurred in Jefferson County and Defendant is subject to personal jurisdiction in Jefferson County, Alabama.

## **FACTUAL ALLEGATIONS**

7.   On or about November 7, 2018, Plaintiff Hargrove was on the premises of Starbucks located at 3032 John Hawkins Pkwy, Birmingham, Alabama 35244.

8.   On or about November 7, 2018, Defendant Zamora was the manager of the Starbucks' store where the incident occurred.

9.   On or about November 7, 2018, Plaintiff was a business invitee of Defendants.

10.   On or about November 7, 2018, Penske, by and through its agents and employees, negligently and wantonly delivered and stacked boxes in the Starbucks store located at 3032 John Hawkins Pkwy, Birmingham, Alabama. This conduct created a dangerous condition on the premises.

11.   Penske, and its employees and agents,  had a duty to use reasonable care in delivering and stacking the boxes on the premises.

12. While on the premises of Starbucks Plaintiff was standing in the store when boxes that had been stacked dangerously high by Penske, fell and struck the plaintiff causing personal injury.

13. Starbucks, Zamora and their agents and employees knew, or should have known of the dangerous condition of the boxes on the premises.

14. Defendants Starbucks and Zamora, had a duty to maintain the store premises in a reasonably safe condition and to use due care for the safety and well-being of their invitees.

15. Defendants had a duty to warn Plaintiff and invitees of any dangerous or potentially dangerous conditions on the premises.

16. Plaintiff was caused to suffer serious injuries and damages as a direct result of an unreasonably dangerous condition on Starbucks premises.

17. This condition was created by the negligent acts of Starbucks, Penske, Zamora and employees working for the Defendants.

18. Defendants knew of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff of it.

19. Hargrove had no knowledge of the dangerous condition.

20.    Defendants were negligent and/or wanton in the breach of their duty and as a proximate cause of the breach, Plaintiff suffered severe and serious injuries and damages.

21.    Defendants failed to maintain the store premises in a reasonably safe condition and failed to use due care for the safety and well being of its invitees.

22.    Defendants' failure to maintain the store premises and containers located therein in a reasonably safe condition and failed to use due care for the safety and well being of its invitees was the consequence and/or cause of severe and serious injuries and damages.

23.    Plaintiff Hargrove's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and the ensuing injuries suffered by the Plaintiff.

24.    As a proximate consequence of the boxes falling, Plaintiff was caused to suffer physical and mental anguish and will be caused to suffer physical pain and mental anguish in the future.

25.    As a proximate consequence of the boxes falling, Plaintiff was caused to expend money and/or incur debt to receive medical treatment and medicine in and about her efforts to cure and heal herself and her

injuries will require her to expend money and/or incur debt in the future in and about her efforts to cure and heal herself.

26. As a result of Defendants' wrongful negligent and wanton conduct, Plaintiff has undergone surgery, experienced severe pain and suffering, past and future monetary loss, past and future mental anguish, and other damages as may be proved at trial.

27. Defendant Starbucks is vicariously responsible for the wrongful acts of Defendant Zamora, and the employees and agents of Starbucks.

28. Defendant Penske is vicariously responsible for the wrongful acts of the employees and agents of Penske.

29. All defendants, including fictitious defendants, are guilty of negligence and wantonness.

## COUNT ONE
### (Negligence/Wantonness)

30. Plaintiff adopts and incorporates by reference each and every paragraph and allegation contained herein above as if fully set out herein.

31. Defendants Starbucks and Zamora had a duty to exercise reasonable care and diligence in providing a reasonably safe premises for the use of their invitees and to have the premises free from danger.

32. Defendant Penske had a duty to exercise reasonable care to deliver and stack the boxes in the store.

33. Plaintiff had the right to assume that Defendants would exercise proper precautions to provide for her safety.

34. Defendants had a duty to warn invitees of conditions which occur that an ordinary prudent person ought to reasonably foresee could result in injury to an invitee. Defendants negligently and/or wantonly breached that duty.

35. Defendants negligently and/or wantonly failed to maintain the premises in a reasonably safe condition and failed to warn the Plaintiff of any dangerous conditions on the premises.

36. Defendants breached their duty to Plaintiff when they negligently and wantonly failed to maintain their premises in a reasonably safe condition and failed to warn the Plaintiff of the dangerous and defective condition.

37. Defendants acted negligently and/or wantonly and with reckless and complete disregard for the welfare of Plaintiff and her right as an invitee not to be injured.

38. As a result of Defendants' wrongful and negligent and/or wanton conduct Plaintiff has experienced severe pain and suffering, past and

future monetary loss, past and future mental anguish, has incurred past and future medical expenses and other damages as may be proved at trial.

39. The negligence and wantonness of the Defendants combined and concurred to cause the injuries to the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Hargrove, demands compensatory and punitive damages against the Defendants, jointly and separately and severally,  including fictitious Defendants in an amount to be determined by trier of fact, including interest, costs, attorney fees, and any such other relief this court deems appropriate.

## COUNT TWO
### (Premises Liability)

40. Plaintiff adopts and incorporates by reference each and every paragraph and allegation contained herein above as if fully set out herein.

41. Plaintiff Hargrove was a business invitee of the Defendants.

42. As such, the Defendants had a duty to inspect, and warn the Plaintiff of any dangerous conditions on the premises and/or make those conditions safe for the invitee.

43. The Defendants breached that duty when they failed to investigate, inspect, warn or make safe the dangerous conditions.

44. The Defendants acted recklessly and in complete disregard for the health, safety, and welfare of Plaintiff Hargrove.

45. As a direct and proximate result of said breach of standard of care, negligence, wantonness, and recklessness, Plaintiff Hargrove has suffered extensive damages, including, but not limited to, medical bills, pain and suffering, and permanent injuries.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands compensatory and punitive damages against the Defendants, including fictitious Defendants in an amount to be determined by the trier of fact, including interest, cost, attorney fees, and any such other relief this court deems appropriate.

## **COUNT THREE**

46. Plaintiff adopts and incorporates by reference each and every paragraph and allegation contained herein above as if fully set out herein.

47. Plaintiff avers that Penske and Fictitious Defendants G, H and I negligently and wantonly delivered and stacked boxes on the Starbucks' premises on November 7, 2018.

48.    As the result of the negligence and wantonness on the part of Penske and Fictitious Defendants G, H and I the boxes fell and struck Plaintiff causing personal injuries as have been more fully described above.

49.    As a direct and proximate result of said breach of standard of care, negligence, wantonness, and recklessness, Plaintiff Hargrove has suffered extensive damages, including, but not limited to, medical bills, pain and suffering, and permanent injuries.

   **WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Hargrove, demands compensatory and punitive damages against the Defendant Penske, and fictitious Defendants in an amount to be determined by trier of fact, including interest, costs, attorney fees, and any such other relief this court deems appropriate

## **COUNT FOUR**

50.    Plaintiff adopts and incorporates by reference each and every paragraph and allegation contained herein above as if fully set out herein.

51.    Plaintiff avers that Fictitious Defendants A,B,C,D,E & F negligently and wantonly caused or contributed to cause and/or allowed the incident made the basis of this suit to occur on November 7, 2018; or

owned, operated, serviced, managed, or maintained the premises where the injury occurred and who wrongfully caused or contributed to cause and/or allowed the incident to occur causing the Plaintiff's injuries as set forth above.

52.    As the result of the negligence and wantonness on the part of Fictitious Defendants A, B, C, D, E & F the boxes fell and struck Plaintiff causing personal injuries as have been more fully described above.

53.    As a direct and proximate result of said breach of standard of care, negligence, wantonness, and recklessness, Plaintiff Hargrove has suffered extensive damages, including, but not limited to, medical bills, pain and suffering, and permanent injuries.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Hargrove, demands compensatory and punitive damages against the Defendants, jointly, and separately and severally, including fictitious Defendants in an amount to be determined by trier of fact, including interest, costs, attorney fees, and any such other relief this court deems appropriate

**PLAINTIFF DOES NOT DEMAND TRIAL BY JURY**

**Dated: October 21, 2020.**

Respectfully submitted:

*/s/ William P. Traylor, III*
William P. Traylor, III (TRA002)
e: *ttraylor@yearout.net*
Attorney for Plaintiff

**YEAROUT & TRAYLOR, P.C.**
3300 Cahaba Road, Suite 300
Birmingham, Alabama 35223
t. 205.414.8160
f. 205.414-8199 Facsimile
*www.yearout.net*

**THE CLERK IS REQUESTED TO SERVE THE FOREGOING
TO THE FOLLOWING VIA U. S. CERTIFIED MAIL:**

**Starbuck's Corporation
c/o Registered Agent
Prentice Hall Corporation
641 South Lawrence Street
Montgomery, AL 36104**

**Penske Logistics, LLC
c/o Registered Agent
Corporate Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104**

**Andrea Zamora
PO Box 562
Columbiana, AL 35051**

ELECTRONICALLY FILED
10/21/2020 4:09 PM
01-CV-2020-903605.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **HESTER LOUISE HARGROVE,** an individual, | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | Case No.: _____ |
| **STARBUCKS CORPORATION,** a foreign corporation; **ANDREA ZAMORA,** an individual; **PENSKE LOGISTICS, LLC,** a foreign corporation; Fictitious Defendants A, B, and C, thereby intending to refer to the legal entity, person, firm, or corporation who negligently and/or wantonly caused or contributed to cause and/or allowed the incident made the basis of this lawsuit to occur causing the Plaintiff's injuries set forth herein; Fictitious Defendants D, E, and F, thereby intending to refer to the legal entity, person, firm, or corporation who owned, operated, serviced, managed, or maintained the premises where the injury occurred and who negligently and/or wantonly caused or contributed to cause and/or allowed the incident made the basis of this lawsuit to occur causing the Plaintiff's injuries set forth herein; Fictitious Defendants G, H, and I, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**thereby intending to refer to** )
**the legal entity, person, firm,** )
**or corporation who or that** )
**delivered and stacked the** )
**boxes in a dangerous manner,** )
**or who delivered the boxes to** )
**the Starbucks Corporation** )
**premises where the injury** )
**occurred and who or that** )
**negligently and/or wantonly** )
**caused or contributed to cause** )
**and/or allowed the incident** )
**made the basis of this lawsuit** )
**to occur causing the Plaintiff's** )
**injuries set forth herein.** )
**Plaintiff avers that the** )
**identities of the Fictitious** )
**Parties described above, are** )
**otherwise unknown to the** )
**Plaintiff at this time, but that** )
**their true names and** )
**identities will be added by** )
**amendment when ascertained.**

   **Defendants.**

---

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY
## TO DEFENDANTS STARBUCKS CORPORATION AND ANDREA
## ZAMORA

---

   **COMES NOW** the Plaintiff, Hester Louise Hargrove, by and through

her attorney of record and in accordance with the law, hereby propounds to

each Defendant, the following written Interrogatories, Requests for

Production, and Requests for Admission to be answered separately and

severally in accordance with the Alabama Rules of Civil Procedure:

## **DEFINITIONS**

(a)    "Document" or "documents" mean, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tape, film, electronic facsimile, computer storage device or any other media, including, but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, reports, studies, charts, graphs, statements, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records or recordings of oral conversations, work-papers and also including, but not limited to, originals and all copies which are different in any way from the original, whether by inter lineation, receipt stamp notation, indication of copies sent or received or otherwise, and drafts, which are in the possession, custody or control of present or former agents, representatives or attorneys of Defendants or any and all persons acting on his behalf, including documents at any time in the possession, custody, or control of such individuals or entities as known by Defendants to exist.

(b)    "Identify" or any synonym thereof, when used in connection with a natural person, means to state the person's full name, address and telephone number, present or last known business and telephone number, present or last known position in business or government and the position in business or government at the time for which the interrogatory has referenced. When used in connection with a non-natural entity, "identify" or any synonym thereof means to state its name, business address, type of business organization and business telephone number when used in connection with a document or other inanimate object, "identify" or "identify and describe" means to identify the person who created the document, to describe the nature of the document, to state the date on which the document was prepared, mailed or received (whichever is appropriate), and to identify any person referenced in the document.

(c)     "Person" includes natural persons and all private and governmental organizations and their representatives and agents.

(d)     "Defendant" means the named Defendant(s) their present and former agents, servants, employees, representatives, private investigators, attorneys, and all other persons acting or purporting to act on their behalf.

## **INSTRUCTIONS**

(a)     In answering the consolidated discovery, Defendants are requested to furnish all information, however obtained, including hearsay, that is known by or available to them.

(b)     In answering, Defendants are requested to identify separately, and in a manner suitable for use in a subpoena, all sources of information (whether human, documentary, or other) and all records maintained by or in the possession of Defendants or any other person, organization, or governmental agency on which Defendants rely in answering the consolidated discovery or which pertain or relate to the information called for by the consolidated discovery. In the alternative, where such sources of information are documents as defined above, Defendant is requested to produce all such documents.

(c)     Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, Defendant is requested to answer the interrogatories in the manner indicated above, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claim and the facts upon which such claim is based in sufficient detail to permit the court to adjudicate the validity of the claim.

This consolidated discovery shall be deemed continuing in nature so that Defendants shall file amended or additional answers should different or

more current information come to Defendants' attention, rendering prior answer and/or responses incomplete or inaccurate.

## **INTERROGATORIES**

1.   State the name, address and title of the person or persons who answered or assisted in answering these interrogatories and the place where these interrogatories were answered.

   **RESPONSE:**

2.   Is this Defendant's name correctly stated in the Complaint? If not, state the correct way this Defendant's name should be designated as a party defendant in the Complaint of this matter.

   **RESPONSE:**

3.   Did this Defendant control the premises where the Plaintiff was injured at the time of the accident? If not, identify who controlled the premises?

   **RESPONSE:**

4.   Did this Defendant own the premises where the Plaintiff was injured at the time of the accident? If not, identify the owner of the premises?

   **RESPONSE:**

5.   State whether this Defendant or anyone to this Defendant's knowledge made or submitted any written statement or report of the occurrence made the basis of this lawsuit. If so, please state for each statement or report:

   a. The name, employer, job title and present address of the person who made or submitted the statement or report;

b.  The name, employer, job title and present address of the person to whom the statement or report was submitted;

c.  The substance and content of the statement or reports;

d.  The full name of the report, including form number, heading or subject and any other detail necessary to identify the same;

e.  The name and address of each person who has possession, custody and/or control of the statement or report.

**RESPONSE:**

6.  State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which pertained in any way to the occurrence made the basis of this lawsuit. If so, please state:

a.  The name and address of the person from whom the statement or account was obtained;

b.  The name and address of each person who was present at the time the statement or account was communicated;

c.  The name and address of the person who has possession, custody and/or control of any note, statement or other recording regarding the communication;

d.  The nature of the communication, i.e., whether written, recorded, oral, signed or unsigned;

e.  The specific subject matter of the communication;

f.  The date of the communication.

**RESPONSE:**

7.   State whether this Defendant has or knows of any photographs, videos, surveillance, or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence or of the accident. If so, describe each photograph or motion picture, state when it was taken, and state the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture. Please attach any and all such photographs, video, surveillance, or motion pictures to your responses.

**RESPONSE:**

8.   Was an investigation or report made by, or for, this Defendant of or pertaining to the occurrence made the basis of this lawsuit? If so, as to each such investigation or report, state:

   a.  The nature of the investigation or report;

   b.  The date of the investigation or report;

   c.  The name, job title, business and residence address of the person or persons who made such investigation or report;

   d.  The name, job title, business and residence address of each person now having possession, custody or control of any documents reflecting the results of the investigation or report.

**RESPONSE:**

9.   Did you or any agent or employee of the Defendant take any statements from any party or witness. If so, identify each person from whom a statement was taken - whether verbal, written, recorded, videoed - and provide relevant contact information. Produce the statement.

**RESPONSE:**

10. Did you or any agent or employee of the Defendant have any knowledge whatsoever of the fact that business patrons or invitees on the premises commonly walked in the area where the Plaintiff was injured?

**RESPONSE:**

11. Identify the circumstances surrounding the Plaintiff's injury, including the boxes that located in the area where Hargrove was injured, the reason they were there, and the identity of the employee or vendor who or that placed them there.

**RESPONSE:**

12. Within the last five (5) years, please state the number of occasions prior to the Plaintiff's accident where any employee, invitee, licensee, or trespasser was injured on the premises, in the same or similar manner as the Plaintiff (injured by falling boxes). For each such occasion please state the following:

    a. The name, address and telephone number of each person;

    b. Date and location of said incident;

    c. If a claim was made or a lawsuit filed;

    d. The resolution of that claim/lawsuit;

    e. The jurisdiction and style of the lawsuit.

**RESPONSE:**

13. Please state whether you or any agent or employee of the Defendant, or any person on behalf of the Defendant, either prior or subsequent to

Plaintiff's accident, made any examination or inspection of the area on the premises involved in the occurrence made the basis of this lawsuit. If so, please describe in detail any such examination or inspection including:

    a. The time of day of any such inspections for a period of twenty four hours prior to the Plaintiff's accident, and twenty four hours subsequent to the Plaintiff's accident;

    b. The identification, including the name and address of the person or persons making such examination or inspection;

    c. In complete detail, what such examination or inspection consisted of;

    d. In complete detail, what such examination or inspection revealed or showed;

    e. In complete detail, each and every act or activity done or undertaken by you or any agent or employee of the Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

**RESPONSE:**

14. Within 12 months prior to Plaintiff's injury, was the Defendant, or any agent, aware of any defect, alleged defect, problem, condition, state, or other situation with the area (including items in the area) and have you received any notice, complaint, request, notification, work order, order, directive, or any instruction to inspect the area on the premises involved in the occurrence made the basis of this lawsuit or other items in the area. If so, please describe in detail any such instance including:

    a. The details surrounding the instance;

    b. The time of day of any such instance for a period of twenty four hours prior to the Plaintiff's accident, and twenty four hours

subsequent to the Plaintiff's accident;

c. The identification, including the name and address of the person or persons making the report, receiving the report, and if any examination or inspection was done by this Defendant;

    i. In complete detail, what such examination or inspection consisted of;

    ii. In complete detail, what such examination or inspection revealed or showed;

    iii. In complete detail, each and every act or activity done or undertaken by you or any agent or employee of the Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

**RESPONSE:**

15. Please state each and every act or action taken by you or by any agent or employee of the Defendant which was related in any way to the Plaintiff's accident, including any pre-accident measures.

**RESPONSE:**

16. Please state whether the Plaintiff had any conversations with you or an agent or employee of the Defendant concerning the occurrence, and, if so, please state exactly what was said during any such conversations, and the persons present at such conversations.

**RESPONSE:**

17. Is it the contention of the Defendant that the Plaintiff, Hargrove, by any act or omission caused or contributed to cause her own accident? If so, please state in detail each act or omission by the Plaintiff which it is contended caused or contributed to cause her accident.

**RESPONSE:**

18.    Please state what precautions, policies and/or procedures, if any, were applicable and implemented by the Defendant, its agents or employees, prior to and on the date of the Plaintiff's accident, to prevent injuries to users of the premises. Produce a copy of those policies and procedures.

**RESPONSE:**

19.    Please state what precautions, policies and/or procedures, if any, you or any agent or employee of the Defendant took to help ensure that the Plaintiff would not be injured on the premises.

**RESPONSE:**

20.    Please state any and all rules, policies and procedures of this Defendant relating to the handling of grievances or complaint by users of the premises in regard to injuries suffered by patrons and/or invitees while on Defendants' property.

**RESPONSE:**

21.    Please list any and all incidents, claims or lawsuits submitted to or filed against this Defendant for personal injuries occurring on its premises located where the Plaintiff was injured.
   a. The date and location of the incident;
   b. The court in which any claim was filed and the court number assigned to said claim;
   c. The parties involved in said incident, claim or action;
   d. Please state the occurrence giving rise to the incident, claim or action;
   e. The outcome of said incident, claim or action.

**RESPONSE:**

22.    State whether or not you have maintained any agent, servant or employee to make routine inspections of the store premises made the basis of this lawsuit? If so, state specifically and in detail:

    a.  The names and addresses of such persons, agents or employees;

    b.  The type, schedule and time such inspections are made;

    c.  The nature and extent of said inspections in regard to the type of inspections conducted;

    d.  The nature and extent of any and all inspections in regard to the type of inspections and the frequency of inspections conducted prior to the date and time of the incident.

**RESPONSE:**

23.    Give the names and present address of any and all agents, servants or employees past or present who have knowledge concerning the incident involving Plaintiff,  Hester Louise Hargrove.

**RESPONSE:**

24.    State the name and correct address of any and all known, or potential, witnesses to the incident made the basis of this suit whether or not you expect to call them to testify.

**RESPONSE:**

25.    Identify all employees, agents, servants, or other individuals who work, or worked for, this Defendant at the time of the incident and who was on duty or who was responsible for the state of maintenance, or condition of the area or equipment involved and made the basis of this suit.

**RESPONSE:**

26.   State whether or not you expect to call any expert witness in the defense of this case and, if so, state the following:

    a.  The name and address of said expert witness;

    b.  The qualifications of said expert witness;

    c.  The opinion expressed to be elicited from said expert witness;

    d.  The facts upon which said expert will rely to make his said opinion.

**RESPONSE:**

27.   List all documents, photographs, memoranda, standards, literature, statements, etc. in the possession of you, your insurance company or your attorneys which may be offered into evidence in the trial of this cause.

**RESPONSE:**

28.   Give the names, present addresses and occupations of all persons who contributed any information to the answers to these interrogatories.

**RESPONSE:**

29.   For each matter in Plaintiff's Request for Admissions, except those to which you responded with an unequivocal admission, please state each and every fact upon which you base said response, identifying each and every writing, document, recording, photograph or other tangible thing, that you contend supports said response.

**RESPONSE:**

30.   If this Defendant has claimed a privilege to any of the requests, produce a privilege log for each claimed privilege, document, the term

document being used in its most broad definition, to which this Defendant objects on the basis of any type of privilege, whether work product, or attorney-client, or any other privilege asserted. Include in this response any reason for said objection, the author of the document, recipient of the document, date of production, a brief description of the subject matter and the current possessor of the document.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

1. Produce any written or oral statements that have been taken by or on behalf of the Defendant related to, or arising out of, the incident made the basis of this complaint.

   **RESPONSE:**

2. All photographs, videos, recordings, made in connection with said lawsuit either by Defendants or on behalf of Defendants.

   **RESPONSE:**

3. Produce the premises for inspection.

   **RESPONSE:**

4. A copy of any and all incident reports, investigations, reports or other documents by whatever name called made as a result of the incident made the basis of this suit.

   **RESPONSE:**

5. A copy of all statements taken on behalf of Defendants.

   **RESPONSE:**

6.    Produce every document received through the issuance of non party subpoena in this matter.

      **RESPONSE:**

7.    Submit each article or thing the Defendants intend to offer or use in the trial of this case to demonstrate, illustrate, aid and/or assist in the testimony of any witness.

      **RESPONSE:**

8.    A copy of any statement taken from Plaintiff, by whatever means recorded.

      **RESPONSE:**

9.    A copy of all policy and procedure manuals pertaining to store safety and/or display/merchandise safety.

      **RESPONSE:**

10.   A copy of the driver's license of the person who is responding to these requests.

      **RESPONSE:**

11.   A copy of the architectural, design, plot, or other drawings that reflect the premises, the store, the bins, or other area relevant to this matters alleged.

      **RESPONSE:**

12.   Any and all photographs that the Defendant possess, has custody of, or have control of regarding the location of the incident, the parties involved in the incident, including pre-incident and post-incident photos.

      **RESPONSE:**

13. Any and all expert reports which have been obtained from any expert who is expected to testify at the trial of this matter. If a report has not been prepared, a report is hereby requested.

    **RESPONSE:**

14. Any and all insurance agreements and/or policies of insurance under which any person or entity which carries on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action which would indemnify or reimburse any or all payments made to satisfy a judgment, including but not limited to, any liability insurance policy covering the Defendant.

    **RESPONSE:**

15. Copies of any and all statements previously made by the Plaintiff or Defendant(s), including any statements or statement otherwise adopted by the Plaintiff or Defendant by any means, whether they be in writing, mechanical, electrical, or other type of recording or any transcription thereof made the Plaintiff hereto and contemporaneously recorded.

    **RESPONSE:**

16. Any and all drawings, maps, or sketches of the scene of the incident.

    **RESPONSE:**

17. A copy of any contract of employment between the Defendant Zamora, and the Defendant's employer Starbucks, or vice versa, which would govern any relationship between them and would bear on the scope of employment at the time of the accident made the basis of this claim.

    **RESPONSE:**

18. A copy of any contract between these Defendants, including any joint defense agreement, that controls the relationship between the Defendants at the time of the incident, or following the incident, which would govern any relationship between them and would bear on the scope of employment at the time of the accident made the basis of this claim.

**RESPONSE:**

19.  A copy of the entire file on any employee of this Defendant who worked on the night of the incident, worked in the area where the incident occurred, was responsible for maintenance, the state of repair, or worked on the displays, bins, *inter alia*. File should include the personnel file, work file, hiring file, human resources file, application for employment, driving history, criminal background, or any other file by any other name within the possession, custody or control of this Defendant. **NOTE:** This is not seeking any file protected by attorney client privilege.

**RESPONSE:**

20.  A copy of any surveillance videos or photographs of the Plaintiff which were made by the Defendant or any agent of the Defendant at any time, including the date of the incident.

**RESPONSE:**

21.  Any and all photographs that the Defendant has of the scene of the accident or any other matter or area related to this case.

**RESPONSE:**

22.  Copy of any maintenance records or work orders for the area, equipment, bins, displays, or other items in questions for five (5) years preceding this incident up to one (1) year after this incident, including repair estimates, damage appraisal(s) or receipts for payment of said repair(s), and/or invoice(s) for work done to that area.

**RESPONSE:**

23.  A copy of any movies, video tape, or other reproduction of the scene of the incident.

**RESPONSE:**

24.  A copy of all memoranda, electronic mail, facsimile, or any other document by whatever name called sent from or received by the

Defendants, including, but not limited to, interoffice memorandum, concerning the incidents made the basis of this complaint, the area, the equipment, display, bins, or other items involved.

**RESPONSE:**

25.   Produce each and every document used in any way to assist in the answering of any interrogatories or that is identified in any answer to any interrogatory.

**RESPONSE:**

26.   Produce copies of any and all inspection logs or records maintained by the Defendants or any employee of the Defendants for the area, equipment, bins, display, or other items involved.

**RESPONSE:**

27.   All manuals or documents of any kind that concerns the policies and procedures - or customs and practices - for the inspection of the premise, and what to do if a condition is identified. All manuals or documents of any kind that concern post-accident investigations. This request is also a request for the actual policies and procedures themselves.

**RESPONSE:**

28.   All documents that reflect or identify anyone, including employees, agents, or servants of this Defendants or third parties, responsible for the maintenance of the premises or services to the area, including the displays, bins, or other items in the area.

**RESPONSE:**

29.   Any indemnity agreement between the Defendants or any third party to this case or between any party and non-party which is relevant to the accident and injuries made the basis of this suit, including maintenance of the premises, manhole, and manhole cover.

**RESPONSE:**

30.   Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair and service of the premises in question.

**RESPONSE:**

31.   Any contract between the owner and any person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

**RESPONSE:**

32.   Copies of reports of all similar accidents prepared by any and all employees of the premises in question for the last five (5) years up to and through the present

**RESPONSE:**

33.   If this Defendant has claimed a privilege to any of the requests for production, produce a privilege log for each document, the term document being used in its most broad definition, to which this Defendant objects on the basis of any type of privilege, whether work product, or attorney-client, or any other privilege asserted. Include in this response any reason for said objection, the author of the document, recipient of the document, date of production, a brief description of the subject matter and the current possessor of the document.

**RESPONSE:**

## REQUESTS FOR ADMISSION

1.   Admit or deny that on or about November 7, 2018, Hester Louise Hargrove was injured at the Starbucks' store located at 3032 John Hawkins Pkwy, Birmingham, AL 35244 Alabama.

**RESPONSE:**

2.   Admit or deny that you were the owner of the premises where the injury occurred.

**RESPONSE:**

3.    Admit or deny that boxes were stacked in the area where Hester Louise Hargrove was injured on November 7, 2018.

**RESPONSE:**

4.    Admit or deny that Hester Louise Hargrove was a business invitee on the premises on November 7, 2018, at the time of the injury.

**RESPONSE:**

5.    Admit or deny that the Plaintiff sustained injuries on the Starbucks' premises on November 7, 2018.

**RESPONSE:**

6.    Admit or deny that no signs were in place to warn the Plaintiff of the dangerous condition.

**RESPONSE:**

7.    Admit or deny that the stacked boxes were a dangerous condition.

**RESPONSE:**

8.    Admit or deny that stacked boxes can be a dangerous condition.

**RESPONSE:**

9.    Admit or deny that the Defendant did not warn the Plaintiff of the stacked boxes.

**RESPONSE:**

10.     Admit or deny that the Plaintiff did not contribute to the incident.

**RESPONSE:**

11.     Admit or deny that the Defendant or one of Defendant's employees was aware of the stacked boxes, prior to Plaintiff's injury.

**RESPONSE:**

12.     Admit or deny that the medical bills associated with the injuries sustained as a result of the incident on or about November 7, 2018, are reasonable.

**RESPONSE:**

13.     Admit or deny that the medical treatment associated with the injuries sustained as a result of the incident on or about November 7, 2018, were necessary.

**RESPONSE:**

14.     Admit or deny that the knee injury is permanent.

**RESPONSE:**

15.     Admit or deny that the Plaintiff's earning capacity is diminished.

**RESPONSE:**

16.     Admit or deny that the incident on or about November 7, 2018, caused the injuries to the Plaintiff which necessitated the treatment and bills which have been previously produced and identified.

**RESPONSE:**

17.   Admit or deny that the medical records are genuine. **NOTE:** This request is merely seeking an admission that the medical records comply with the business records exception to the hearsay rule.

**RESPONSE:**

18.   Admit or deny that the medical records are authentic. **NOTE:** This request is merely seeking an admission that the medical records comply with the business records exception to the hearsay rule.

**RESPONSE:**

19.   Admit or deny that the medical records previously produced are true and correct copies of the Plaintiff's medical records for the injuries she sustained in the November 7 2018, incident. **NOTE:** This request is merely seeking an admission that the medical records comply with the business records exception to the hearsay rule.

**RESPONSE:**

**DATED: October 21, 2020.**

Respectfully submitted:

*/s/ William P. Traylor, III*
William P. Traylor, III (TRA002)
e: *ttraylor@yearout.net*
Attorney for Plaintiff

**YEAROUT & TRAYLOR, P.C.**
3300 Cahaba Road, Suite 300
Birmingham, Alabama 35223
t. 205.414.8160
f. 205.414-8199 Facsimile
*www.yearout.net*

**THE CLERK IS REQUESTED TO SERVE THE FOREGOING DISCOVERY WITH THE COMPLAINT TO THE DEFENDANTS**

**Starbuck's Corporation
c/o Registered Agent
Prentice Hall Corporation
641 South Lawrence Street
Montgomery, AL 36104**

**Andrea Zamora
PO Box 562
Columbiana, AL 35051**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903605.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### HESTER LOUISE HARGROVE V. STARBUCKS CORPORATION ET AL

**NOTICE TO:** STARBUCKS CORPORATION, C/O PRENTICE HALL CORP. 641 S. LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILLIAM PAUL TRAYLOR III

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HESTER LOUISE HARGROVE pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/21/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ WILLIAM PAUL TRAYLOR III

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____  _____  *(Address of Server)*

*(Type of Process Server)*   *(Server's Signature)*

_____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903605.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### HESTER LOUISE HARGROVE V. STARBUCKS CORPORATION ET AL

**NOTICE TO:** PENSKE LOGISTICS, LLC, C/OCORP.SRVC.CO.,INC. 641 S.LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILLIAM PAUL TRAYLOR III

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223                   .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HESTER LOUISE HARGROVE pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/21/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ WILLIAM PAUL TRAYLOR III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____ | _____ | _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____ | _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903605.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## HESTER LOUISE HARGROVE V. STARBUCKS CORPORATION ET AL

**NOTICE TO:** ANDREA ZAMORA, P.O. BOX 562, COLUMBIANA, AL 35051

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
WILLIAM PAUL TRAYLOR III
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HESTER LOUISE HARGROVE
pursuit to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/21/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ WILLIAM PAUL TRAYLOR III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____   _____
*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____   _____
*(Server's Printed Name)*    *(Phone Number of Server)*

U.S. POSTAGE >> PITNEY BOWES

$ 014.65⁰

ZIP 35203
02 4W
0000374811 OCT 22 2020

ELINE ANDERSON SMITH, CLERK
400 JEFF CO COURTHOUSE
CHARD ARRINGTON JR BLVD, NO.
IGHAM, ALABAMA 35203

7020 0640 0001 1592 2575

10/23

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 05 2020

JACQUELINE ANDERSON-SMITH
CLERK

ANDREA ZAMORA
P.O. BOX 562
COLUMBIANA, AL, 35051

NIXIE        326   FE  1        0010/31/20

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANDREA ZAMORA
P.O. BOX 562
COLUMBIANA, AL 35051

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5899 0049 6147 55

2. Article Number *(Transfer from service label)*
7020 0640 0001 1592 2575

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

s/c D3

CV· 20· 903605

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STARBUCKS CORPORATION

C/O PRENTICE HALL CORP.

641 S. LAWRENCE ST.

MONTGOMERY, AL 36104

9590 9402 5899 0049 6147 48

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☑ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

10-26-20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV 20. 903605

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ... Mail
- ☐ ... Mail Restricted Delivery
- ...

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)



7020 0640 0001 1592 2551

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**

9590 9402 5899 0049 6147 48

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
NOV 05 2020
JACQUELINE ANDERSON SMITH
CLERK